# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00227 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VINCENT MCDANIEL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner Vincent McDaniel's ("McDaniel") Motion for Compassionate Release (Record Document 51). The Government has opposed McDaniel's motion. See Record Document 57. McDaniel filed a reply. See Record Document 58. For the reasons set forth below, McDaniel's Motion for Compassionate Release is hereby **DENIED**.[1]

## BACKGROUND

On September 16, 2018, McDaniel was charged with one count of possession with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, all in violation of Title 21, United States Code, Section 841(a)(1). See Record Document 1. On March 9, 2017, McDaniel pled guilty to the one count referenced above. See Record Documents 28, 29. He was sentenced on September 14, 2017 to 120 months imprisonment. See Record Documents 38, 39, & 40. McDaniel is currently incarcerated at FCI Yazoo City in Mississippi. His projected release date is April 5, 2025.

---

[1] McDaniel also filed a Motion Requesting Ruling (Record Document 60). Such motion is now denied as moot.

## LAW AND ANALYSIS

McDaniel alleges that he is particularly susceptible to the COVID-19 virus because she suffers from hypertension/high blood pressure and obesity (BMI of 34). See Record Document 51 at 5. He has provided some medical documentation to support these conditions. Additionally, he states he is not relying on medical reasons alone, but also a generalized fear of the COVID-19 virus due to the lack of ability to practice social distancing and other protective measures while incarcerated. See id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, McDaniel moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President

Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). The Government argued in its December 2020 response that McDaniel had not exhausted his administrative remedies and the Court must dismiss the motion. See Record Document 57. As part of his reply, McDaniel submitted documentation sufficient to satisfy this Court that he has petitioned the warden for compassionate release. See Record Document 58-1 at 2, 4, & 10. While it is unclear of the response he received from the BOP, there is no dispute that there has been a lapse of 30 days. Thus, McDaniel has exhausted his administrative remedies and the Court may proceed to the merits of the motion.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in McDaniel's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant

release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of

showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

In other cases, the Government has conceded that obesity is a condition that falls under the increased risk category as defined by the CDC. Thus, it appears that McDaniel has at least one extraordinary and compelling reason to support his compassionate release. Notwithstanding, this Court believes granting release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of McDaniel's offense disfavor release. He hid over 500 grams of methamphetamine in an elderly woman's clothes dryer while she was out of town. See Record Document 29-2; Presentence Investigation Report at ¶¶ 7-9. While McDaniel was in custody, he tried to get friends to retrieve the drugs before it was seized by law enforcement. See id. McDaniel also has an extensive criminal history, including previous convictions for simply burglary, felon in possession of a firearm, and conspiracy to distribute crack cocaine. See Presentence Investigation Report at ¶¶ 30-44. A reduced sentence in this case simply would not reflect the seriousness of the offense, would not

promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, McDaniel's Motion for Compassionate Release (Record Document 51) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of June, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT